Daniel, Judge.
This was an action of trespass on the case, plea, general issue. Under a rule of court the differences in the cause were referred to six arbitrators and their award, or the award of a majority was to be the judgment of the court. In the vacation, the plaintiff and the defendant agreed to substitute two other arbitrators in the place of two of those named in the rule of reference. The award was made and signed by four of the original arbitrators, and also by the two appointed by the parties in the vacation. The plaintiff, under the rule of court, moved for judgment. The defendant filed several exceptions to the award. First, because it was made by part of the arbitrators acting with other persons. This exception was overruled by the court, and we think it was correctly overruled. In Saulsby v. Hodgson, 3 Burr. Rep. 1474, the arbitrators were to choose an umpire, in case they themselves could not agree in a limited time. They did not agree within the limited time, but chose an umpire. The umpire accordingly made an award and they joined in it. The court were clear that this was the umpirage of the umpire alone. He was at liberty to take what advice or opinion or assessors he pleased. In Beck v. Sargant, 4 Taunt. Rep. 233, the court held the same doctrine. Mansfield, Ch, Justice, said it was no more than if mere strangers had joined in the award, which could not vitiate. Heath, J. It has been *184 decided in very old cases, that the circumstance of another joining with the arbitrator in making an award does not Utiate. The same opinion is given in Bates v. Cooke, 17 E. C. L. Rep. 231. Second exception ; the arbitrators do not award that the defendant pay the plaintiff any amount except the cost. Answer; the arbitrators, after heading the award by the title of the suit, proceed and say that “ we agree that Edmond Sams pay all cost and assess plaintiff’s damage to one hundred dollars; done by us, this 2d day of June, 1838.” When the arbitrators assessed the plaintiff’s damage to one hundred dollars, they certainly intended that the defendant should pay it. The court will always intend every thing to support awards, and give .a construction to an award, that it may be supported if possible ; Watson on Awards, 102. — Third exception; the award is unmeaning and uncertain. Answer; the certainty now regarded in awards, is certainty to a common intent; and the court will not intend an award to be uncertain; but the uncertainty must expressly appear on the face of the award, or by averment. Watson.,oh.,Aw'árds, 120. To a common intent, we think this award on its face' is certain ; and there is no averment in the pleadings pointing to an uncertainty. It means that the defendant is awarded to pay to the plaintiff one hundred dollars and also his cost expended in the cause referred. Tlíé judgment must be affirmed.
Per Curiam. Judgment affirmed.